## TEXAS LONG LEAF LUMBER CO. v. SABINIEWICZ.

### No. 4648.

Court of Civil Appeals of Texas. Beaumont.
March 16, 1950.

George C. Cochran and John Touchstone, Dallas, for appellant.

Campbell & Foreman, Livingston, for appellees.

COE, Chief Justice.

This is an appeal from an interlocutory order of the district court of Polk County, Texas, overruling the plea of privilege of the appellant Texas Long Leaf Lumber Company to be sued in the county where its principal office and place of business was located, to-wit, Trinity County.

Appellee George F. Sabiniewicz, individually and as next friend for his daughter, Barbara Sabiniewicz, filed this cause against the appellant Texas Long Leaf Lumber Company, a corporation, and one Cleveland Hooper, who is not a party to this appeal. Suit was filed because of claimed personal injuries sustained by the plaintiff, George F. Sabiniewicz and his minor daughter, who is the age of five years, and his wife. Such claim for personal injuries aggregates the sum of $63,-615. The appellant duly and regularly filed its plea of privilege to remove such cause to the county of its residence, which is Trinity County, Texas, and appellees timely filed their controverting affidavit. Upon a hearing the court heard evidence upon the issues raised by the plea and the controverting affidavit and upon such hearing, entered its interlocutory order or judgment overruling the plea of privilege filed by the appellant. No request of finding of fact or

conclusion of law was made by appellant, but appellant has brought forward a record containing all of the evidence heard upon such hearing. The order of the court overruling appellant's plea of privilege recites certain findings of fact made by the trial court, the substance of which is that the appellant, Texas Long Leaf Lumber Company, is a corporation; that appellee's cause of action against said appellant arose in Polk County, Texas, and that the court has venue of this cause under and by virtue of the provisions of Section 23 of Art. 1995, Rev.Civ.Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 23. The court further found that appellees', George F. Sabiniewicz, acting for himself and as next friend of Barbara Sabiniewicz, cause of action against the appellant, Texas Long Leaf Lumber Company, arose by virtue of trespasses of Texas Long Leaf Lumber Company, acting through its agent, servants and employee, Cleveland Hooper, committed in Polk County, Texas, and that this court has jurisdiction of this cause under and by virtue of the provisions of Subdivision 9 of Art. 1995, Rev.Civ.Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 9, and further that appellees were seeking damages in an amount in excess of $1,000.

■■■■ The appellant takes the position under its Point 1, and contends that the trial court erred in overruling its plea of privilege for the reason that the uncontroverted evidence showed, as well as appellees' original petition, which was adopted in full in the controverting plea, and offered in evidence, that the appellees are residents of the State of Louisiana and were at the time the alleged cause of action arose, and therefore do not have the protection of any of the exceptions contained in Art. 1995, Rev.Civ.Statutes of Texas, and further contending that there is no specific provision in favor of a non-resident plaintiff, and in the absence of any specific provision or exception the general privilege of a resident contained in Art. 1995 prevails. In other words, appellant contends that a non-resident plaintiff can not take advantage of any of the exceptions contained in said Article. and has no

grounds for controverting the plea of a resident defendant to be sued in the county of its residence. With this contention, we are unable to agree. It seems to be well settled, and we think rightfully so, that the dominant purpose of our venue statute is to give a person who has been sued the right to defend such suit in the county of his residence except under well defined exceptions. In this case it is undisputed that the appellant is a corporation and that appellees' cause of action arose in Polk County, Texas. This brings this case squarely within Section No. 23 of Art. 1995, R.C.S. of Texas, which provides in part: "Suits against a private corporation, association, or joint stock company may be brought in county in which its principal office is situated; or in the county in which the cause of action or part thereof arose". This language is so clear and unambiguous that it requires no application of the general rules applicable to the construction of the statutes to ascertain its meaning. This provision does not take into consideration the residence of the plaintiff, and without any doubt in our minds applies to a suit where the plaintiff is a non-resident of the state just as if the plaintiff were a resident of this state. So far as we have been able to ascertain, this is the first case under our venue statute, which is more than a hundred years old, in which this contention has been made. We see no merit in such contention and the points raising same are overruled.

■■■■ Appellant's remaining points are to the effect that there was no evidence and that the evidence was insufficient to support the finding of negligence or proximate cause attributable to the defendant, and that there was no evidence and that the evidence was insufficient to support the finding of the court to the effect that the appellant committed a trespass in Polk County, Texas, and finally complaining of the action of the trial court in refusing to permit a witness who was qualified as an expert witness to testify that the truck or trailer which was being operated by appellant, and which figured in the collision in question, was loaded in a careful and prudent manner. These points are overruled. We think the evidence was sufficient to sup-

port the findings made by the trial court. However, we are of the opinion that the first ground set out by the trial court in its order to the effect that the appellant is a corporation and that appellees' cause of action against appellant arose in Polk County, Texas, is sufficient within itself to justify and support the order of the trial court overruling appellant's plea of privilege. Therefore, if the evidence was insufficient to support the other findings upon which the court's order was based, it would not require a reversal of his judgment. We are inclined to the view that the proffered testimony of the expert witness with reference to the manner in which the appellant's truck was loaded on the day in question was admissible, but in view of the other evidence as to the condition of the pole on the truck at the time of the incident in question renders it of very minor importance. At least its probative value was not sufficient that the exclusion thereof in the trial before the court would require a reversal of the order appealed from. It follows that we are of the opinion, and it is so ordered, that the judgment of the trial court be and is affirmed.